# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WALEED ALBAKRI,**

    **Plaintiff,**

**v.**                                                              Case No: 6:15-cv-1969-Orl-31GJK

**SHERIFF OF ORANGE COUNTY,**

    **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's Motion in Limine to exclude, *inter alia*, the introduction of evidence concerning the reason for Defendant's termination of Plaintiff's employment. (Doc. 40.) Defendant responded to the motion (Doc. 42) and the Court heard argument at the final pretrial conference held on June 12, 2017.

In October 2012, Plaintiff was arrested on charges that he had defrauded an insurance company. Those charges were later dropped. However, the Sheriff instituted an internal investigation and found that Plaintiff's submission of a false insurance claim violated department policy. (Def.'s Ex. 38.) As a consequence, Plaintiff was terminated effective April 1, 2014. (Def.'s Ex. 41, 42.) By his motion, Plaintiff seeks to preclude Defendant from introducing this evidence at trial.

Federal Rule of Evidence 608(b) provides that extrinsic evidence probative of a witness's character for truthfulness may be elicited on cross-examination. Fraud is an act probative of untruthfulness. *Ad-Vantage Tel. Directory Consultants, Inc. v. GTE Directories Corp.*, 37 F.3d 1460, 1466 (11th Cir. 1994). In the exercise of its discretion, the Court must balance this evidence

with the limitations imposed by Federal Rule of Evidence 403 in order to avoid unfair prejudice. *Id.*

Here, the merits of this dispute hinge on whether the jury believes the Plaintiff's version of the facts that allegedly created a hostile work environment. Accordingly, evidence of Plaintiff's insurance fraud is admissible on cross-examination as probative of his character for truthfulness. In order to balance this evidence and avoid unfair prejudice under Rule 403, the Court will limit the evidence elicited to include only the basic facts of Plaintiff's arrest and termination and Defendant's exhibits 38, 41, and 42.[1]

It is, therefore,

**ORDERED** that Plaintiff's Motion in Limine is **DENIED**.[2]

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 14, 2017.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] This evidence may also be admissible to impeach Plaintiff's claim of emotional injury.

[2] The Court also declines to bifurcate the trial or preclude Defendant's witnesses from appearing in uniform.