# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WALEED ALBAKRI,**

       **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　Case No:　6:15-cv-1969-Orl-31GJK

**SHERIFF OF ORANGE COUNTY,**

       **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT'S MOTION TO TAX COSTS (Doc. No. 69)**
>
> **FILED:** July 24, 2017
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART** and **DENIED IN PART**.

### I. FACTUAL BACKGROUND

On July 10, 2017, judgment was entered in favor of Defendant and against Plaintiff. Doc. No. 67. On July 24, 2017, Defendant filed a motion to tax costs, requesting that the Court tax costs in the amount of $5,482.18 against Plaintiff (the "Motion"). Doc. No. 69. Defendant attaches a bill of costs and a spreadsheet itemizing the requested costs. Doc. No. 69-1 at 1-3. Defendant's bill of costs contains a signed declaration from his counsel averring that all costs were actually and necessarily incurred. Doc. No. 69-1 at 1. Plaintiff never filed a response to the Motion. Thus, the Motion is unopposed.

## II. APPLICABLE LAW

Generally, a prevailing party may tax costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Rule 54(d) provides that the prevailing party in a lawsuit shall be entitled to recover costs from the opposing party as a matter of course unless the court orders otherwise. Fed. R. Civ. P. 54(d). Section 1920 specifies which costs are recoverable:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The court has limited discretion in awarding costs and is permitted to tax only those items specified in Section 1920 unless authorized by statute. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

## III. ANALYSIS

### A) Deposition Transcripts

Defendant seeks $4,668.90 in transcription costs incurred for the following depositions:

| Deposition | Cost |
|---|---|
| Video for the deposition of Plaintiff | $810.50 |

| | |
|---|---|
| Transcript for the deposition of Plaintiff | $1,549.35 |
| Transcripts for the depositions of Cristian Readdy and Sean McCormack | $523.15 |
| Transcripts for the depositions of Michael Mandarano and Joseph McCollom | $499.10 |
| Transcripts for the depositions of Reginald Hosey and Jerold White | $340.40 |
| Transcript for the deposition of James Batie | $277.80 |
| Transcript for the deposition of Dena Mneimne | $668.60 |
| **TOTAL** | **$4,668.90** |

Doc. No. 69 at 3-5; Doc. No. 69-1 at 3. "Even though [Section] 1920(2) does not specifically use the word 'deposition,' deposition transcript costs … are taxable only if the deposition was 'necessarily obtained' for use in the case." *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F.Supp.2d 1272, 1289 (M.D. Fla. 2005) (citations omitted). Defendant states that deposition transcripts of the aforementioned witnesses had to be ordered because: 1) such transcripts were used in support of Defendant's motion for summary judgment; 2) the witnesses deposed were on the trial witness list; or 3) the witnesses deposed ultimately testified at trial. Doc. No. 69 at 3-4. Considering the foregoing, along with the fact that Plaintiff never filed a response to the Motion, the undersigned finds that the deposition transcripts were necessarily obtained for use in the case. *See Watson v. Lake Cty.*, 492 Fed. Appx. 991, 996-97 (11th Cir. 2012) (citing *Equal Emp't Opportunity Comm'n v. W & O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000)) (noting that "we have held that the costs of the deposition are taxable under [Section] 1920 where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken").[1]

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

Defendant's request, however, seeks costs of $810.50 for video of Plaintiff's deposition while also seeking costs of $1,549.35 for deposition transcripts of the same. Doc. No. 69-1 at 3, 15. The Eleventh Circuit has held that when "a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under [Section] 1920 to award the cost of conducting the deposition in the manner noticed." *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996). "However, for such costs to be taxable, the prevailing party must explain why it was necessary to obtain a copy of both videotaped and transcribed depositions for use in the case." *Ferguson v. Bombardier Services Corp.*, 8:03-cv-539-T-31DAB, 2007 WL 601921, at *3 (M.D. Fla. Feb. 21, 2007) (citing *Morrison*, 97 F.3d at 465). Defendant provides no explanation why it was necessary to obtain both a video-recording and a transcript of Plaintiff's deposition. *See id.* Accordingly, it is recommended that the Court decline to tax $810.50 in costs for video of Plaintiff's deposition and tax $3,858.40 in costs against Plaintiff.

**B) Witness Fees**

Defendant seeks $100.30 in witness fees which consists of $40.00 for attendance, $15.30 for travel, and $45.00 for service of a subpoena on the witness. Doc. No. 69 at 5; Doc. No. 69-1 at 2, 4-6, 12-13. 28 U.S.C. § 1920(3) allows for recovery of witness fees, but 28 U.S.C. § 1821 limits such fees to $40 per day for attendance plus the prescribed mileage allowance. 28 U.S.C. § 1920(3), 28 U.S.C. § 1821. Furthermore, service fees are recoverable under 28 U.S.C. § 1920(1), even if service was made by a process server. *See W & O, Inc.*, 213 F.3d at 624 (holding that "private process server fees may be taxed pursuant to §§ 1920(1) and 1921"). After reviewing the

Motion, the undersigned finds the requested witness fees recoverable under 28 U.S.C. § 1920. Accordingly, it is recommended that the Court tax $100.30 in witness fees against Plaintiff.

**C) Copying Costs**

Defendant seeks $712.98 in copying costs for "documents for Plaintiff's deposition and copies of exhibits submitted to opposing counsel and the Court …" Doc. No. 69 at 5. The $712.98 in copying costs consists of $162.10 for photocopies of documents related to Plaintiff's deposition (at $0.10 per page) and $550.88 for copies of exhibits (at $0.12 per page).[2] Doc. No. 69 at 5; Doc. No. 69-1 at 3.

Under 28 U.S.C. § 1920(4), copying costs are recoverable for "any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable, but copies obtained for the convenience of counsel, including extra copies of filed papers, correspondence, and copies of cases, are not taxable." *Brown v. Lassiter-Ware, Inc.*, No. 6:11–cv–1074–Orl–36DAB, 2014 WL 5258912, at *4 (M.D. Fla. Oct. 15, 2014) (citations and internal quotations omitted). Here, Defendant states that his copying costs were for photocopies of documents related to Plaintiff's deposition and Defendant's exhibits. Doc. No. 69 at 5-6. Furthermore, Defendant's copy rates have been found to be reasonable in this District. *See Perkins v. Tolen*, No. 3:10–cv–851–J–37TEM, 2012 WL 3244512, at *3 (M.D. Fla. July 13, 2012) (citing authority) (noting that within "the Middle District, and the Eleventh Circuit generally, there is broad consensus that the

---

[2] Defendant's spreadsheet of costs states that on May 31, 2016, $162.10 was paid for "photocopies" and on July 5, 2017, $550.88 was paid for "Orlando Legal Document Services, Outside Fees, [and] Litigation File Copies." Doc. No. 69-1 at 3. Because Defendant paid the $162.10 charge around the same time as Plaintiff's deposition, May 17, 2016, the undersigned interprets the $162.10 as charges for photocopies of documents related to Plaintiff's deposition and the $550.88 as charges for photocopies of Defendant's exhibits.

reasonable market rate for copies is $.10 to $.15 cents"). After reviewing the Motion, the undersigned finds Defendant's copying costs to be recoverable under 28 U.S.C. §1920(4) and his copy rates to be reasonable. Accordingly, it is recommended that the Court tax $712.98 in copying costs against Plaintiff.[3]

**III. CONCLUSION**

Based on the foregoing, it is **RECOMMENDED** that the Motion (Doc. No. 69) be **GRANTED IN PART** and **DENIED IN PART** as follows:

1) The Motion should be **GRANTED** only to the extent that the Court taxes $4,671.68 in costs against Plaintiff; and

2) Otherwise, the Motion should be **DENIED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 13, 2017.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[3] Defendant did not attach an invoice establishing that the $162.10 cost was actually for photocopies of documents for Plaintiff's deposition. Doc. No. 69-1. In Defendant's bill of costs, however, Defendant's counsel declared under penalty of perjury that the costs stated therein "are correct and were necessarily incurred … and that the services for which fees have been charged were actually and necessarily performed." Doc. No. 69-1 at 1. The Eleventh Circuit has held that a declaration can be sufficient to establish the amount of costs requested. *See Velez v. Levy World Ltd. P'ship*, 182 Fed. Appx. 929, 932 (11th Cir.2006) (approving a magistrate judge's recommendation that certain court reporter services fees be taxed despite the absence of invoices because of a declaration signed by counsel). *See also Paul v. Realtor Ass'n of Greater Ft. Lauderdale, Inc.*, No. 08–21421–CIV, 2010 WL 3565516, at *1 (S.D. Fla. Sep. 9, 2010).

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy